# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD E. BENSON,<br><br>　　　　　*Petitioner,*<br><br>v.<br><br>GEORGE A. MILLER, *et al.*<br><br>　　　　　*Respondents.* | CIVIL ACTION<br><br>NO. 20-3988 |

# ORDER

**AND NOW**, this 27th day of February 2023, upon consideration of Ronald E. Benson's Petition for a Writ of Habeas Corpus (ECF 2), Respondents' Response in Opposition (ECF 11), and the Report and Recommendation of U.S. Magistrate Judge Carol Sandra Moore Wells (ECF 22), to which no objections were filed, it is hereby **ORDERED** that:

　　1.　　The Report and Recommendation of Magistrate Judge Carol Sandra Moore Wells is **APPROVED** and **ADOPTED**[1];

---

[1] When no objection is made to a Report and Recommendation, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, therefore, this Court will review [a] Magistrate Judge['s] . . . Report and Recommendation for 'clear error.'"). No clear error appears on the face of the record.

28 U.S.C. § 2254 permits the Court to grant habeas relief only if (1) the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the" United States Supreme Court; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Benson argues there are four grounds for habeas relief: (1) he is actually innocent; (2) the trial court erred in barring evidence about criminal charges that were brought against the victim's mother; (3) the trial court erred in barring evidence that the victim's mother engaged in prostitution; and (4) there was insufficient evidence to support his conviction. (Pet. for Writ of Habeas Corpus 8, 10, 12, 13, ECF 2.)

    2.    Benson's Petition for a Writ of Habeas Corpus is **DENIED** and **DISMISSED** with prejudice by separate Judgment filed contemporaneously with this Order. *See* Fed. R. Civ. P. 58(a); *see also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 12;

    3.    No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because "the applicant has [not] made a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 1153(c)(2), since he has not demonstrated that "reasonable jurists" would find the Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Cepero*, 224 F.3d 256, 262-63 (3d Cir. 2000), *abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012), and;

    4.    The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

Benson's claim of actual innocence is not a cognizable basis for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). Furthermore, Benson presents no new evidence that could question the constitutionality of his conviction, instead only baldly stating that there is "no physical evidence to support" his conviction. (Pet. for Writ of Habeas Corpus 8, ECF 2).

Benson's second and third claims involve the trial court's exclusion of evidence it deemed inadmissible under Pennsylvania law. (*Id.* at 10, 12.) Because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," Benson's second and third claims are not cognizable. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Finally, Benson's fourth claim—that there was insufficient evidence to sustain his conviction—is procedurally defaulted. On direct appeal, the Superior Court of Pennsylvania held Benson waived this claim by failing to identify the specific elements the Commonwealth failed to prove as required by Pennsylvania Rule of Appellate Procedure 1925(b). *Commonwealth v. Benson*, No. 2923 EDA 2015, 2016 WL 5210825, at *4 (Pa. Super. Ct. July 14, 2016). When a defendant has defaulted his claims in state court due to a state procedural rule, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Benson has provided no such showing.